UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE LUIS CANTERO; MARIA JUANA GUAMAN QUIZHNI,<br><br>                  Plaintiffs,<br><br>-against-<br><br>JUDGE KEVIN RUSSO; ATTORNEY PATRICK J. CARLE; DISTRICT ATTORNEY KEVIN P. GILLEECE; MENTAL HEALTH DOCTOR DOMINIC FERRO; ROCKLAND COUNTY SHERIFF DEPARTMENT RANKING OFFICER OF BAILIFF DUTY,<br><br>                  Defendants. | 19-CV-8596 (CM)<br><br>ORDER TO AMEND |

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff Jose Luis Cantero, currently incarcerated at the Rockland County Jail, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants are violating his constitutional rights during his ongoing state court criminal proceedings. By order dated September 17, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a prisoner's *in forma*

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief.

## BACKGROUND

Plaintiff Jose Luis Cantero filed this complaint on his own behalf, and on behalf of his pregnant fiancé, Maria Juana Guaman Quizhni, who is not incarcerated. Cantero signed the

complaint and submitted an IFP application and prisoner authorization. Quizhni did not sign the complaint or file an IFP application. The named Defendants are Rockland County Court Judge Kevin Russo; Rockland County District Attorney Kevin P. Gilleece; attorney Patrick J. Carle; Dr. Dominic Ferro; and the "Ranking Officer of Bailiff Duty" in the Rockland County Sheriff's Department.

The complaint contains the following allegations. Judge Russo, who is presiding over Plaintiff's criminal case, is disrespectful, "flat-out" denied Plaintiff a bail amount "that would match [his] income," said that the Constitution "does not apply" to Plaintiff because Plaintiff "claimed common law jurisdiction," and has committed fraud and other misconduct that "should be discussed privately." (ECF 1:19-CV-8596, 2 ¶ V.) Dr. Ferro, who examined Plaintiff under New York Criminal Procedure Law § 730, denied Plaintiff's request that the examination be recorded, and Carle, Plaintiff's attorney, said that Plaintiff had "no rights" in connection with that request. Plaintiff's allegations against District Attorney Gilleece appear to arise from an earlier case in which Plaintiff was convicted of rape. According to Plaintiff, the district attorney coerced statements from the "alleged victim" of that case, who is the mother of Plaintiff's child.

Plaintiff sets forth other facts bearing no obvious connection to his criminal case. For example, Plaintiff asserts:

> First you must understand that in our money system there are no funds because there is technically no money. There is only debt and the debt instruments that are used in place of money. The credit card lender did not loan you any money. They didn't event lend you their credit. They aren't allowed to do that. They use YOUR credit to authorize the use of the card. You can very simply establish this by demanding that they validate the debt.

(*Id.* at 24.) Also attached to the complaint is a "Notice of Bonds" and blank "Reinsurance Agreement in Favor of the United States" Form 275 that appear intended for use by government

contractors. Plaintiff alleges that bonds were "issued fraudulently/non full disclosure/non consent from principal." (*Id.* 14-21.) It is unclear why Plaintiff included this information in his pleading.

Plaintiff alleges that a "bailiff" from the Rockland County Sheriff's Department violated Quizhni's Fourth Amendment rights by approaching her outside the courtroom to "demand the search and seizure" of her cell phone without a warrant. According to Plaintiff, the bailiff did this to ensure that Quizhni had no "video record" of the "fraudulent acts committed against" Plaintiff in the courtroom. Although Quizhni relented, her consent was coerced. Quizhni is also "treated like a criminal" when she comes to court to support Plaintiff.

Plaintiff asserts that he and Quizhni have experienced great emotional distress as a result of these events, and he seeks dismissal of the criminal charges against him and damages.

## DISCUSSION

### A. Claims on Behalf of Maria Juana Guaman Quizhni

In federal court, "parties may plead and conduct their own cases personally or by counsel," 28 U.S.C. § 1654, and "an individual generally has the right to proceed *pro se* with respect to his own claims or claims against him personally" or to be represented by a licensed attorney, *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 132 (2d Cir. 2009). The right to proceed *pro se* does not extend to "an individual who is not licensed as an attorney" appearing on another person's behalf, including a parent or a nonattorney trustee. *United States v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *see also Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause."); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (1990) ("[N]on-attorney parent must be represented by counsel in bringing an action on behalf of his or her child."); *Gabayzadeh v. Taylor*, 639 F. Supp. 2d 298, 301-02 (E.D.N.Y. 2009) (a nonattorney

4

trustee may not represent a trust *pro se*). A party proceeding *pro se* "must be litigating an interest personal to him." *Iannaccone*, 142 F.3d at 558 (citation omitted).

Because Quizhni did not sign the complaint or submit an IFP application, there is no indication that she intended to proceed as a plaintiff in this matter, and Plaintiff Cantero cannot bring this action on her behalf. Quizhni is dismissed as a plaintiff from this action without prejudice to any action she might wish to pursue on her own behalf.

**B.     Cantero's Claims**

1.      Challenge to Ongoing State Court Criminal Proceedings

To the extent Plaintiff seeks dismissal of the state court criminal charges, the Court construes the complaint as seeking this Court's intervention in Plaintiff's pending criminal proceeding. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that "a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment or irreparable injury that is both serious and immediate." *Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) (noting that "*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution"). A state criminal proceeding ordinarily provides an adequate forum to raise federal constitutional challenges to the prosecution. *Cullen v. Fliegner*, 18 F.3d 96, 103 (2d Cir. 1994).

Plaintiff does not assert any facts suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. Nor does he state any facts suggesting that the state forum is in any way inadequate to challenge the constitutionality of his prosecution. Rather, he broadly claims, without any support, that his constitutional rights are being violated during his criminal case. If Plaintiff believes that to be the case, he is free to raise such claims in the state courts.

5

Because Plaintiff fails to show that specific circumstances require this Court's intervention, the Court declines to do so.

2. Judge Kevin Russo

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff does not assert facts suggesting that Judge Russo acted outside his judicial capacity or his jurisdiction. Therefore, these claims are dismissed, because they seek monetary relief against a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2)(b)(iii).

3. District Attorney Kevin P. Gilleece

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather,

6

are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it"). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Here, Plaintiff's claims against Gilleece are based on actions within the scope of Gilleece's official duties and associated with the conduct of a trial.[2] Gilleece is therefore immune from suit.

4. Dr. Dominic Ferro

A private actor may be afforded the absolute immunity ordinarily accorded judges acting within the scope of their jurisdictions if his role is functionally comparable to that of a judge, . . . or if the private actor's acts are integrally related to an ongoing judicial proceeding." *Mitchell v. Fishbein,* 377 F.3d 157, 172–73 (2d Cir. 2004) (internal citations and quotation marks omitted). For example, immunity may attach to non-judicial officers and employees where the individual serves as an "arm of the court," *Scotto v. Almenas,* 143 F.3d 105, 111 (2d Cir. 1998) (quoting *Dorman v. Higgins,* 821 F.2d 133, 137 (2d Cir. 1987)), or where the individual conducts "activities that are inexorably connected with the execution of [court] procedures and are analogous to judicial action," *id.* (quoting *Wilson v. Kelkhoff,* 86 F.3d 1438, 1444 (7th Cir. 1996)).

---

[2] In any event, it appears that Plaintiff's claims against Gilleece arise from an entirely different criminal case that led to Plaintiff's conviction.

Courts in this Circuit have applied quasi-judicial immunity to medical professionals who conduct court-ordered examinations and prepare reports pertaining to a defendant's competency to stand trial. *See Walton v. Rubel*, No. 16-CV-1989, 2018 WL 3369664, at *3 (E.D.N.Y. July 10, 2018) (collecting cases); *Inesti v. Hicks*, No. 11-CV-2596 (PAC)(AJP), 2012 WL 2362626, at *16 (S.D.N.Y. June 22, 2012), *report and recommendation adopted by* 2012 WL 3822224 (S.D.N.Y. Sept. 4, 2012); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 526 (E.D.N.Y. 2010) ("Absolute immunity has extended to . . . court-appointed doctors and psychiatrists. . . ."), *aff'd*, 434 F. App'x 32 (2d Cir. 2011).

Plaintiff's claims against Dr. Russo arise from actions he took in connection with a court-ordered competency examination, and thus he is immune from suit.

5. Attorney Patrick J. Carle

A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v.*

*Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of § 1983).

As Defendant Carle is a private party who does not work for any state or other government body, Plaintiff has not stated a claim against this defendant under § 1983.

## LEAVE TO AMEND

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint to provide facts giving rise to a viable claim under § 1983. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the

original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

Maria Juana Guaman Quizhni is dismissed as a plaintiff from the action without prejudice to any action she might bring by filing her own signed complaint, and either paying the fee or filing an IFP application.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-8596 (CM). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: September 24, 2019
        New York, New York

                              COLLEEN McMAHON
                            Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

Write the full name of each plaintiff.

-against-

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.  LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.  PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name          Middle Initial          Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City                                State                Zip Code

## III.  PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

**IV.    DEFENDANT INFORMATION**

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

## V. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Prison Address

| County, City | State | Zip Code |
|---|---|---|

Date on which I am delivering this complaint to prison authorities for mailing: _____